# United States Court of Appeals
### For the Eighth Circuit

_____

No. 23-1540

_____

Roderick Leon Scott

*Plaintiff - Appellant*

v.

United States of America

*Respondent - Appellee*

_____

Appeal from United States District Court
for the District of South Dakota - Southern

_____

Submitted: December 12, 2023
Filed: February 13, 2024
[Unpublished]

_____

Before ERICKSON, MELLOY, and STRAS, Circuit Judges.

_____

PER CURIAM.

Roderick Scott filed a *pro se* motion for habeas corpus relief under 28 U.S.C. § 2255, raising several claims of ineffective assistance of counsel related to his underlying conviction and sentence for conspiracy to distribute methamphetamine.

The district court[1] denied the motion but issued a certificate of appealability on two questions: (1) whether an evidentiary hearing is necessary to determine if Scott's counsel provided ineffective assistance when he failed to investigate the parole status of his co-defendant; and (2) if so, whether counsel's ineffective assistance serves to overcome procedural default of the sentencing disparity claim. Scott appeals on these two issues. We affirm.

While on supervision for a prior drug trafficking conviction, Scott was charged with conspiracy to distribute 500 grams or more of methamphetamine. Scott and co-defendant, Curtis Webb, pled guilty to the charge. At sentencing, the district court determined that Scott's Sentencing Guidelines range was 262 to 327 months. When considering Scott's argument that he was similarly situated to Webb, who received a 210-month term of imprisonment, the district court asked defense counsel whether Webb was also on supervised release at the time of the offense. Counsel responded that he was aware that Webb had prior convictions but was uncertain about whether Webb was on supervised release. The district court determined that Webb and Scott were not similarly situated and sentenced Scott to a term of imprisonment of 262 months, which was later reduced to 131 months.

In his habeas petition, Scott asserted his lawyer was ineffective when he did not inform the court at sentencing that Webb was on state parole at the time of the offense and when he failed to argue the disparity between his sentence and Webb's sentence was unconstitutional. The district court dismissed Scott's petition without a hearing. While Scott contends that he is entitled to an evidentiary hearing, it is well-established that a petitioner may not raise for the first time an issue in a motion under § 2255 that was not presented on direct appeal. Jennings v. United States, 696 F.3d 759, 762-63 (8th Cir. 2012). To prevail on a claim that has been procedurally defaulted, Scott must demonstrate either: (1) cause excusing the default and actual prejudice, or (2) actual innocence. Bousley v. United States, 523 U.S. 614, 622

---

[1] The Honorable Karen E. Schreier, United States District Judge for the District of South Dakota.

(1998). Because ineffective assistance of counsel can serve as both cause and prejudice to overcome procedural default, the proof required on the substantive claim and to excuse the default is the same. Becht v. United States, 403 F.3d 541, 545 (8th Cir. 2005) (citing Strickland v. Washington, 466 U.S. 668, 687 (1984)).

To establish ineffective assistance of counsel, Scott is required to show: (1) his attorney's performance fell below an objective standard of reasonableness, and (2) there is a reasonable probability that, but for the deficient performance, the result of the proceeding would have been different. Strickland, 466 U.S. at 688, 694. An attorney's performance is not constitutionally deficient unless it is outside the "wide range of reasonable professional assistance." Id. at 689. Scott cannot satisfy the first prong. He has neither pointed to a case that has found counsel has an obligation to investigate the facts and circumstances regarding a co-defendant's criminal history, much less a co-defendant's state criminal history, and we are unpersuaded that counsel has such an obligation to investigate the details of every co-defendant's criminal history.

But even if we assume that Scott's counsel's performance was deficient, he has failed to establish prejudice. "[T]here is no doubt that a sentencing disparity argument requires a showing that the appellant and his comparators are similar in conduct and record." United States v. Carr, 895 F.3d 1083, 1091 (8th Cir. 2018) (quotation omitted). The district court made clear findings that Scott was not similarly situated to Webb. The court found that Scott had five more convictions and four more drug convictions than Webb and that Scott had committed offenses almost immediately upon his release to supervision. Given the reasons articulated by the district court, the sentencing disparity is not so "extreme" such that Scott has shown prejudice. See United States v. Fry, 792 F.3d 884, 892-93 (8th Cir. 2015).

Because the district court did not err in dismissing Scott's petition without a hearing, we affirm.

_____